UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HEATHER H. | : |
| | : |
| v. | :    C.A. No. 24-00202-LDA |
| | : |
| MARTIN O'MALLEY, Commissioner | : |
| Social Security Administration | : |

**MEMORANDUM AND ORDER**

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  Plaintiff filed her Complaint on May 17, 2024 seeking to reverse the decision of the Commissioner.  On September 12, 2024, Plaintiff filed a Motion to Reverse the Decision of the Commissioner.  (ECF No. 11).  On October 21, 2024, the Commissioner filed a Motion to Affirm the Decision of the Commissioner.  (Document No. 14).  No reply brief was filed.

With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Based upon my review of the record, the parties' submissions, and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act.  Consequently, Plaintiff's Motion to Reverse (Document No. 11) is GRANTED and the Commissioner's Motion to Affirm (ECF No. 14) is DENIED.

I. **PROCEDURAL HISTORY**

This case was previously remanded by assent in 2022. See C.A. No. 1:21-cv-434-JJM. A remand hearing was held on March 21, 2023 before Administrative Law Judge ("ALJ") Paul Goodale. (Tr. 398-456). On August 2, 2023, the ALJ issued a decision finding that Plaintiff was not disabled from August 2, 2019 through the decision date and denying her applications for DIB and SSI. (Tr. 367-384). On March 13, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 358-360). A timely appeal was then filed in this Court.

II. **THE PARTIES' POSITIONS**

Plaintiff argues that the ALJ did not properly consider the opinion evidence of record and that his findings regarding her subjective complaints are not supported by the record.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's decision is free of legal error and supported by the record, and therefore must be affirmed.

III. **THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir.

1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726,

729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id.  The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe,

making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence. The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone. See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers). 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors. Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's

policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice

registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner. Id. §§ 404.1520b(c), 416.920b(c).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th

Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.     The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated

findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that

significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. Social Security Ruling ("SSR") 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)  The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

      (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

      (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

      (4)    Treatment, other than medication, for relief of pain;

      (5)    Functional restrictions; and

      (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

    **2.**    **Credibility**

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility

determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).  Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017).  It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings. SSR 16-3p, 2017 WL 4790249, at *49465.

V.     **APPLICATION AND ANALYSIS**

A.     **The ALJ's Decision**

At Step 2, the ALJ found that Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, obsessive compulsive disorder (OCD), and post-traumatic stress disorder (PTSD).  (Tr. 370).  Subsequently, at the RFC stage, the ALJ found that Plaintiff could perform a full range of work at all exertional levels with various environmental and other non-exertional limitations. (Tr. 373).  More specifically, the ALJ determined Plaintiff could perform simple, routine, one-to-three step tasks in a work environment involving only simple work-related decisions, with only occasional changes in work setting. Id.  Plaintiff could not perform production rate or pace work, such as assembly line work done in close tandem with coworkers at an outwardly set pace, but she could perform individual table/bench work. Id.   Plaintiff also could have only

occasional contact with the general public and up to frequent but superficial interactions (i.e., brief, perfunctory and routine) with coworkers. Id. Based on this RFC and opinion testimony from the VE, the ALJ concludes at Step 4 that Plaintiff was unable to perform past work as a cashier and salesperson. (Tr. 382). However, at Step 5, the ALJ denied benefits because Plaintiff's RFC did not preclude her from performing other unskilled work available in the economy. (Tr. 383-384).

### B. The ALJ Erred in Evaluating the Medical Opinion Evidence

This is the second appeal to this Court of Plaintiff's denial. In Heather H. v. Kijakazi, No. 1:21-cv-434-JJM (D.R.I.), Plaintiff challenged a 2021 ALJ decision denying benefits arguing, in part, that the ALJ's evaluation of the treating opinions of Nurse Practitioner Beth Cleary and Therapist Vilna Tejeda was flawed. Id. (ECF No. 13 at pp. 12-14). She also argued that the ALJ erred by finding the 2020 state agency consultant findings of Dr. Wood and Dr. Hughes to be persuasive. Id. (ECF No. 13 at pp. 14-15). She asserted that such consulting opinions were "out of date and utterly unsupportable by the totality of the record." Id.

The Commissioner did not contest these arguments and elected to voluntarily remand the case for further proceedings. Plaintiff assented to a voluntary remand for a re-hearing even though she argued on the first appeal that the ALJ's erroneous treatment of the treating source opinions warranted remand solely for calculation and payment of benefits because the "treating opinions [were] consistent with the time off-task work-precluding testimony of the VE." Id. (ECF No. 13 at pp. 15-16).

In effectuating the Court's remand Order, the Appeals Council acknowledged an error in the ALJ's review of the treating source opinions and remanded for consideration of Plaintiff's RFC "during the entire period at issue," i.e., August 2, 2019 through the date of the second ALJ decision

ultimately issued on August 2, 2023. (Exh. 16A). The remand hearing took place on March 21, 2023, and the ALJ rendered his second decision on an expanded record including additional treatment records (Exhs. 6F-10F) and two additional consulting psychological opinions (Exhs. 17A and 21A). The additional treatment records and treating source opinions in issue were reviewed by these consulting psychologists in 2022 but were not in the record before the first two consulting psychologists.

Plaintiff now challenges the ALJ's second decision and again advocates for remand solely for calculation and payment of benefits. Despite the passage of nearly two and one-half years and the updated medical records and consulting opinions, the two ALJ denials are remarkably similar. (Compare Tr. 364-391 with Tr. 15-33). The RFC assessments are effectively the same but worded somewhat differently, the 2020 treating source opinions of Nurse Practitioner Clearly and Therapist Tejeda are found unpersuasive for similar reasons, and the 2020 consulting psychological opinions are found persuasive and substantially support the RFC assessment. Id.

Remarkably, the 2022 consulting psychological opinions considered only in the post-remand decision are found only partially persuasive even though these state agency consulting psychologists had the benefit of reviewing both an expanded treatment record and the treating source opinions (again, treating source opinions not considered by the 2020 consulting psychologists). (Tr. 379-381). In particular, the ALJ rejected the 2022 opinions of Dr. Gordon and Dr. Haggarty to the extent they opined that Plaintiff had a moderate and not mild limitation as to concentrating, persisting, or maintaining pace. (Tr. 380-381). For instance, Dr. Gordon and Dr. Haggarty opined that Plaintiff was moderately limited as to her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to

perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 508, 524). Dr. Haggarty also noted the presence of "severe mental symptoms but no area of marked functional limitation." (Tr. 523).

The Court concludes that it was erroneous for the ALJ to rely on outdated state agency opinions under these circumstances. Dr. Gordon and Dr. Haggarty each had the benefit of a materially expanded record, and the ALJ provides no adequate rationale to find those opinions only partially persuasive. It simply makes no sense that the ALJ would find the opinions of consulting psychologists with <u>less</u> data before them to be more persuasive.

The next issue is whether that error is material to the outcome and, if so, whether the case should be remanded for a third review or for payment of benefits. <u>See</u> <u>Ogannes B. v. Kijakazi</u>, C.A. No. 22-325WES, 2023 WL 5561108, *12 (D.R.I. Aug. 29, 2023). First, I find that the error is material as it relates directly to the issue of the ability to sustain employment which the VE testified was work preclusive at a certain level. (Tr. 445-448). In addition, if the ALJ had found Dr. Gordon and Dr. Haggarty's opinions to be fully persuasive, it should have caused him to give somewhat greater weight to the treating source opinions. While remands for calculation and award of benefits should be granted rarely, this is one of those rare cases. This case has already been the subject of two ALJ hearings, two Appeals Council reviews, and two District Court appeals, and there is still unresolved error. <u>See</u> <u>Channy V. v. Saul</u>, C.A. No. 20-90JJM, 2020 WL 5810187 (D.R.I. Sept. 30, 2020), R&R adopted, 2020 WL 6136158 (D.R.I. Oct. 19, 2020). The Court does not believe that the spirit of the remand Order was fully embraced and finds that the decision to favor older consulting opinions based on a much narrower record over newer consulting opinions

based on additional treatment records and treating source opinions was an unreasonable adjudication on this record.

## VI.     CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 11) is GRANTED and Defendant's Motion to Affirm the Decision of the Commissioner (ECF No. 14) is DENIED.  Further, the Clerk shall enter Final Judgment in favor of reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanding this case solely for the calculation and payment of benefits.


 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 2, 2024